**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-6545**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO ANTOINE DARDEN, a/k/a Dizz-e, a/k/a Javon,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, Senior District Judge.  (4:11-cr-00052-AWA-LRL-1; 4:14-cv-00136)

Submitted:  July 23, 2026                                    Decided:  July 28, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Roberto Antoine Darden, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Antoine Darden appeals[1] the district court's order construing his Motion to Amend Section 2255 Petition under Rule 15(c) as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[2] Our review of the record confirms that the district court properly construed Darden's motion to amend as a successive § 2255 motion over which it lacked jurisdiction because he failed to obtain prefiling authorization from this court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400; *see also Bixby v. Stirling*, 90 F.4th 140, 149 (4th Cir. 2024) (explaining that postjudgment motion that "seeks to revisit the federal court's denial *on the merits* of a claim for relief" or seeks "to present new claims for relief" from underlying judgment should be construed as successive habeas petition (internal quotation marks omitted)). Accordingly, we affirm the district court's order.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), *abrogated in part on other grounds by McRae*, 793 F.3d 392, we construe Darden's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Upon review, we conclude that Darden's claims do not meet the relevant

---

[1] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a postconviction motion as an unauthorized, successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015). The district court's order also denied several additional postjudgment motions, but Darden has forfeited appellate review of those rulings by failing to address them on appeal. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

[2] Darden moves for appointment of counsel. We deny the motion.

2

standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*